UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20-50094 |
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| ROBERT LEE GOODWILL, JR., | |
| Defendant. | |

The Defendant, the Defendant's attorney, and the United States Attorney for the District of South Dakota hereby submit the following Plea Agreement to the United States District Court, which Agreement was reached pursuant to discussions between the United States Attorney and the Defendant's attorney. The Agreement is as follows:

**A.   ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDERSTANDING OF MAXIMUM PENALTIES:** The Defendant agrees that he has been fully advised of his statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalty therefor, and that he understands same. The Defendant further agrees that he understands that by entering a plea of guilty as set forth hereafter, he will be waiving certain statutory and constitutional rights to which he is otherwise entitled.

**B.   PLEA AGREEMENT PROCEDURE – NO RIGHT TO WITHDRAW PLEA IF COURT REJECTS RECOMMENDATION:** The United States and the

Defendant agree that this Plea Agreement is presented to the Court pursuant to Rules 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, which, among other things, authorize the United States to move for dismissal of other charges and to make recommendations or agree not to oppose the Defendant's request for a particular sentence. Such agreements and recommendations are not binding on the Court, and the Defendant may not withdraw his plea of guilty if the Court rejects them.

**C. PLEA OF GUILTY TO CHARGE AND DISMISSAL OF OTHER CHARGES – WAIVER OF INDICTMENT:** The Defendant will waive Indictment in this case and plead guilty to a Superseding Information charging a violation of 18 U.S.C. §§ 2252A(a)(5)(B) & (b)(2) – Attempted Possession of Child Pornography. The charge carries a maximum sentence of 10 years in prison, a $250,000 fine, or both, and a period of supervised release of 5 years up to life. If the defendant is found to have violated any condition of his supervised release, he may be incarcerated for an additional term of up to 2 years for each violation with some exceptions. If the defendant commits a new felony violation of chapter 109A (sexual abuse), chapter 110 (sexual exploitation and other abuse of children), chapter 117 (transportation for illegal sexual activity and related crimes), section 1201 (kidnaping), or section 1591 (sex trafficking of children or by force, fraud, or coercion), while on supervised release, he may be incarcerated for a mandatory minimum term of 5 years up to life for each violation. There is also a $100 assessment to the victims' assistance fund and an additional $5,000

assessment unless the Court finds the Defendant indigent. Restitution may also be ordered.

Upon acceptance of the plea by the Court and the imposition of sentence, this section shall be treated as a motion to dismiss the Indictment as it pertains to the Defendant pursuant to the terms of this plea agreement.

**D.    VIOLATION OF TERMS AND CONDITIONS:**   The Defendant acknowledges and understands that if he violates the terms of this plea agreement, engages in any further criminal activity, or fails to appear for sentencing, this plea agreement shall become voidable at the discretion of the United States and the Defendant will face the following consequences:

(1)    All testimony and other information the Defendant has provided at any time to attorneys, employees, or law enforcement officers of the United States, to the Court, or to the federal grand jury may and will be used against him in any prosecution or proceeding.

(2)    The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the Defendant, and to use any information obtained directly or indirectly from him in those additional prosecutions.

(3)    The United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

**E.    ACCEPTANCE OF RESPONSIBILITY:**   The United States agrees that based upon the information known to it at this time, the Defendant is entitled to a two-level decrease in his offense level pursuant to U.S.S.G.

3

§ 3E1.1(a), provided no evidence is disclosed in the presentence report which indicates the Defendant has not demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and further provided he: (1) complies with the terms of this plea agreement; (2) testifies truthfully during the change of plea hearing; (3) participates truthfully with the Probation Office in the presentence investigation; (4) does not violate any conditions of pretrial detention or release after he signs this agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility. Both the United States and the Defendant otherwise reserve the right to present evidence and make argument regarding sentencing.

**F.    TIMELY ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that the Defendant has timely notified authorities of his intention to enter a plea of guilty thereby permitting the United States and the Court to allocate their resources efficiently. Therefore, if the offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is level 16 or greater and the Defendant qualifies for a two-level decrease under U.S.S.G. § 3E1.1(a), this provision shall be treated at the sentencing hearing as a motion pursuant to U.S.S.G. § 3E1.1(b) to decrease the offense level by one additional level.

**G.    GOVERNMENT'S AND DEFENDANT'S JOINT RECOMMENDATION REGARDING SENTENCE – 30 MONTHS' IMPRISONMENT:** At the sentencing hearing, both the United States and the Defendant agree to jointly recommend thirty (30) months' imprisonment and to present evidence and make arguments in support thereof. The Defendant

understands that any recommendation made by him or the United States is not binding on the Court. The Defendant further understands that he may not withdraw his plea of guilty if the Court rejects any recommendation.

**H.** **SPECIAL ASSESSMENT:** The Defendant agrees to remit to the U.S. Clerk of Court, 400 S. Phillips Ave., Ste. 128, Sioux Falls, SD 57104-6851, no later than two weeks prior to sentencing, a certified or cashier's check payable to the "U.S. Clerk of Court" in the amount of $100 and, unless the Court finds the Defendant indigent, $5,000, in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013.

**I.** **MONETARY OBLIGATIONS - DEFENDANT'S ONGOING DUTY:** The Defendant agrees, if requested by the United States, to promptly return an executed Authorization to Release Financial Records and Documents, an executed Authorization to Release Tax Returns and Attachments, current earnings statements, copies of his W-2s and an executed Financial Statement. The Defendant understands that this is an ongoing duty which begins upon execution of this plea agreement and continues until such time as payment of any financial obligation is remitted in full.

The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of any financial obligations imposed as part of the sentence in this case. The Defendant expressly authorizes the United States Attorney's Office to obtain credit reports on him prior to judgment.

The Defendant also agrees that if he is incarcerated, he will participate in the Bureau of Prisons' Inmate Financial Responsibility Program during any period of incarceration in order to pay any financial obligations ordered by the Court. The Defendant's agreement to participate in the Inmate Financial Responsibility Program does not limit the United States' right to pursue collection from other available sources. If there is no period of incarceration ordered, the Defendant agrees that payment of any financial obligations ordered by the Court shall be a condition of probation.

**J.   UNDERSTANDING REGARDING FIREARMS:** The Defendant understands that upon conviction of the felony offense herein, he is not permitted to lawfully possess firearms or ammunition for firearms.

**K.   AGREEMENT TO FORFEIT PROPERTY:** The Defendant agrees to forfeit all interest in following items (hereinafter referred to as "the property"):

- one Black iPhone AT&T SIM and ICCID- 89014103271419204456 and
- one Rose/Gold iPhone AT&T SIM and ICCID- 89014104272083746151

The Defendant warrants that he is the sole owner of all of the property. The Defendant agrees to hold the United States, its agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the property.

The Defendant further agrees to waive all interest in the property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The Defendant agrees to consent to the entry of orders of forfeiture for the property and waives the requirements of Federal Rules of Criminal

Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of the property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps necessary to pass clear title to the property to the United States, including, but not limited to, surrender of title, the signing of a consent decree, stipulating to facts regarding the transfer and basis for the forfeiture, executing deed or title transfers, and signing any other documents necessary to effectuate such transfers.

**L.     RESERVING THE RIGHT TO REBUT OR CLARIFY MITIGATION INFORMATION:** The United States reserves the right to rebut or clarify matters set forth in the presentence investigation report, or raised by the Defendant in mitigation of his sentence, with evidence and argument.

**M.     NO FURTHER PROSECUTION:** The United States agrees that there will be no further federal criminal prosecution of the Defendant in the District of South Dakota based on the information and evidence now available to the United

States for the Defendant's attempted enticement of a minor using the internet and attempted commercial sex trafficking of a minor on August 7, 2020.

**N.	SEX OFFENDER REGISTRATION:** The Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, that he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. The Defendant understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. The Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**O.	BASIS FOR PLEA OF GUILTY:** The Defendant agrees that the statement of facts, signed by the parties and incorporated herein by this reference, provides the basis for his guilty plea in this case, and is a true and accurate statement of his actions or omissions with regard to the charges to which he is entering a plea, and that the Court may rely thereon in determining the basis for his plea of guilty as provided for in this plea agreement.

**P.     WAIVER OF SPEEDY TRIAL:** The Defendant agrees to waive any rights to a speedy trial under either the United States Constitution or the Speedy Trial Act. This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing.

**Q.     PARTIES BOUND:** It is further understood and agreed that this agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this agreement cannot and does not bind other federal, state, or local prosecuting authorities.

**R.     SCOPE OF AGREEMENT:** This agreement shall include any attachments, exhibits or supplements designated by the parties. It is further understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement, and this agreement supersedes any earlier or other understanding or agreement.

**S.     WAIVER OF DEFENSES AND APPEAL RIGHTS:** The Defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a), unless the departure is up to the 30-month joint recommendation as set forth in paragraph G.

## SUPPLEMENT TO PLEA AGREEMENT

The United States will file a Supplement to Plea Agreement which is required to be filed in every case in compliance with the Court's Standing Order.

DENNIS R. HOLMES
Acting United States Attorney

1-4-21
Date

*signed* (for)
SARAH B. COLLINS
Senior Litigation Counsel
515 9th Street #201
Rapid City, SD 57701
Telephone: (605)342-7822
E-Mail: Sarah.B.Collins@usdoj.gov

APPROVED:
DENNIS R. HOLMES
Acting United States Attorney
By:

GREGG S. PETERMAN
Supervisory Assistant U.S. Attorney

1-4-22
Date

Robert Lee Goodwill, Jr.
Defendant

1/4/22
Date

Alecia E. Fuller
Attorney for Defendant